UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROY HANKERSON

    Petitioner,

v.                                             CASE NO. 5:12-cv-184-Oc-23PRL

TAMYRA JARVIS, WARDEN,
FCC COLEMAN-USP I,

    Respondent.
                                   /

**O R D E R**

Roy Hankerson petitions (Doc. 1) for the writ of habeas corpus under 28 U.S.C. Section 2241 and states that the National Appeals Board (NAB) did not timely rule on his appeal from the Federal Parole Commission's decision to violate his parole. Hankerson moves for an order overturning the Commission's decision revoking parole.

The respondent opposes (Doc. 18) the petition and attaches supporting exhibits (Doc. 18-1, Exhs. A–E), which include a copy of Hankerson's October 27, 2011, appeal of the Commission's parole revocation decision and the NAB's November 30, 2011 notice of action on Hankerson's appeal. The respondent argues (1) that the petition is moot because the NAB issued a timely decision denying

Hankerson's appeal and (2) that even if the NAB failed to comply with the sixty-day statutory deadline, the failure does not amount to a due process violation.

The record shows that the NAB timely denied Hankerson's appeal and that the petition is moot. Further, even if the NAB rendered an untimely decision, a violation of the statutory deadline does not warrant relief under Section 2241.

## FACTUAL BACKGROUND

In 1980 Hankerson was convicted (1) in the Southern District of Florida of robbing a bank in Delray Beach, Florida, and (2) in the Northern District of California of robbing a bank in San Francisco, California. (Petition at 11) Hankerson was sentenced to two, consecutive, twenty-year prison terms, with eligibility for parole. (Response at 1, Exh. 1) Hankerson was released on parole in 1993. (Response at 1) While on parole, Hankerson committed an armed robbery of a Waffle House restaurant and a robbery of an elderly female in her home, during which he pistol-whipped the woman and intentionally discharged his firearm. (Exh. B at 3)[*] On October 11, 2011, the Parole Commission revoked Hankerson's parole. (Response at 1; Exh. B)

On October 27, 2011 Hankerson appealed and raised four grounds that challenged the Commission's decision to revoke his parole. (Exh. C) On

---

[*] In pertinent part, the Commission found that Hankerson violated the terms of his parole based on his involvement in the commission of another offense involving a firearm, fifteen non-drug related infractions, conduct in a prison facility involving possession of a weapon, and attempting to escape from a penal institution using force by assaulting a correctional officer. (Exh. B at 2)

November 30, 2011, the NAB denied Hankerson's appeal and stated that "All decisions by the National Appeals Board on appeal are final." (Exh. D) Although the order correctly shows Hankerson's place of incarceration as "Coleman I-USP," Hankerson apparently did not receive the decision before filing this action on May 12, 2012. Hankerson remains incarcerated at Coleman.

## Law and Analysis

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'" *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013). A case "becomes moot only when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party." *Knox v. Serv. Emps.*, ___ U.S. ___, 132 S. Ct. 2277, 2287 (2012) (internal quotation marks omitted).

Hankerson's arguments depend on the premise that the NAB did not timely render an opinion on his appeal within the sixty-days provided in the United States Parole Commission Rules and Procedures Manual. (*See* Petition at 13) However, the record shows that the NAB denied the appeal on November 30, 2011, approximately thirty days after Hankerson's October 27, 2011 appeal. The appeal was timely denied, and the NAB denied the appeal before Hankerson initiated this action. The petition is moot. *Judd v. Baer*, 911 F.2d 571 (11th Cir. 1999) (affirming the district court's opinion finding a habeas action moot when the NAB issued the order denying the appeal during the course of litigation). Further, even if the NAB

exceeded the sixty-day deadline in 18 U.S.C. § 4215(b), the Eleventh Circuit Court of Appeals has determined that neither a liberty interest nor a due process interest attaches to the NAB's sixty-day deadline to resolve an appeal. 911 F.2d at 573–74.

The petition is **DISMISSED**. The clerk shall terminate any pending motion and close the case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Hankerson is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Hankerson has not made the requisite showing in these circumstances. Finally, because Hankerson is not entitled to a certificate of appealability, he is not entitled to appeal *in forma*

*pauperis*.  Hankerson must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on April 20, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE